IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

CHARLES B. HENRY )
COMPLAINANT )
)
VS )
)
STATE OF ALASKA ) PRO SE
RESPONDANT )
) 42 U.S.C.S. 1983 CIV.
)

CHARLES B. HENRY 39051
GOOSE CREEK CORRECTIONAL CENTER
22301 W. ALSOP ROAD
WASILLA, ALASKA 099623-

COMPLAINANT CHARLES B. HENRY FILE THIS LAWSUIT PURSUANT TO THE 42 U.S.C.S. 1983, IN WHICH THE COMPLAINANTS RIGHTS UNDER THE FOURTEENTH AMENDMENT AND THE FIFTH AMENDMENT WHICH PROTECTS THE CIVIL RIGHTS OF THE UNITED STATES CITIZENS. THE U.S. CONST--ITUTIONAL AMENDMENT XIV, § 1 PROVIDES THAT NO STATE SHALL DE--PRIVE ANY PERSON OF LIFE, LIBERTY, OR PROPERTY WITHOUT THE DUE PROCESS OF LAW. THIS CLAUS IMPOSES PROCEEDURAL LIMITATIONS ON A STATE"S POWER TO TAKE AWAY PROTECTED ENTITLEMENTS.

THE FEDERAL CIVIL RIGHTS STATUTE 42 U.S.C.S. §1983 GIVES A CAUSE OF ACTION TO THOSE WHO CHALLENGE A STATE DEPREVATION OF ANY RIGHTS SECURED BY THE UNITED STATES CONSTITUTION. 28 U.S.C.S. § 2254 ALLOWS A PRISONER TO SEEK A WRIT OF HABEAS CORPUS ON THE GROUND THAT HE IS IN COSTODY IN VIOLATION OF THE UNITED STATES CONSTITUTION. THE UNITED STATES SUPREME COURT HAS RECOGNIZED THAT § 1983 MUST BE READ IN HARMONY WITH THE HABEAS STATUTE.

FEDERAL COURTS MAY UPSET A STATES POST-CONVICTION-RELIEF PRO--CEEDURES ONLY IF THEY ARE INADEQUATE TO VINDICATE THE SUBSTANTIVE RIGHT PROVIDED. ALASKA PROVIDES A SUBSTANTIVE RIGHT TO BE RELEASED ON A SUFFICENLY COMPELLING SHOWING OF NEW EVIDENCE THAT ESTABLISHES INNOCENCE. IT EXCEPTS SUCH CLAIMS FROM OTHERWISE APPLICABLE TIME LIMITS. TH

CHARLES B. HENRY 39051
GOOSE CREEK CORRECTIONAL CENTER
22301 W. ALSOP ROAD
WASILLA, ALASKA -99623-

DISCOVERY IN POST-CONVICTION-RELIEF PROCEEDING, AND HAS---THROUGH JUDICIAL DECI--SION---SPECIFIED THAT THIS DISCOVERY PROCEEDURE IS AVAILABLE TO THOSE SEEKING ACCESS TO DNA EVIDENCE. THESE PROCEEDURES ARE NOT WITHOUT LIMITS. THE EVIDENCE MUST INDEED BE NEWLY AVAILABLE TO QUALIFY UNDER ALASKA"S STATUE, MUST HAVE BEEN DELIGENTLY PURSUED, AND MUST ALSO BE SUFFICIENTLY MATERIAL. THESE PROCEEDURES ARE SIMILAR TO THOSE PROVIDED FOR DNA EVIDENCE BY THE FEDERAL LAW AND THE LAW OF OTHER STATES, AND THEY ARE NOT CONSISTANT WITH THE TRADITIONS AND CONSCIENCE OF THE AMERICAN PEOPLE OR ANY RECOGNIZED PRINCIPLE OF FUNDAMENTAL FAIRNESS.

FEDERAL COURTS SHOULD NOT PRESUME THAT STATE CRIMINAL PROCEEDURES WILL IN--ADEQUATE TO DEAL WITH TECHNOLOGICAL CHANGE. THE CRIMINAL JUSTICE SYSTEM HAS HISTORICALLY ACCOMMODATED NEW TYPES OF EVIDENCE, AND IS A TIME TESTED MEANS OF CARRYING OUT SOCIETY"S INTEREST IN CONVICTING THE GUILTY WHILE RESPECTING INDIV--IDUAL RIGHTS. THAT SYSTEM, LIKE ANY HUMAN ENDEAVOR, CANNOT BE PERFECT. DNA EVI--DENCE SHOWS THAT IT HAD NOT BEEN. BUT THERE IS NO BASIS FOR THE APPROACH OF AS--SUMING THAT BECAUSE DNA HAS SHOWN THAT THESE PROCEEDURES ARE NOT FLAWLESS, DNA EVIDENCE MUST BE TREATED AS CATAGORICALLY OUTSIDE THE PROCESS, RATHER THAN WITH IN IT. RESPONDANT STATE INMATE [OSBORNE] FILED AN ACTION UNDER 42 U.S.C.S. § 1983 CLAIMING THAT HE HAD A CONSTITUTIONAL RIGHT TO HAVE ACCESS TO EVIDENCE THAT WAS INTRODUCED AT HIS TRIAL SO HE CAN HAVE DNA TESTING CONDUCTED AT HIS OWN EXPENSE.

THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF ALASKA ORDERED PETIT--IONER DISTRICT ATTORNEY"S OFFICE TO GIVE THE INMATE ACCESS, AND THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT AFFIRMED. PETITIONER SOUGHT FURTHER REVIEW.

THE INMATE AND ANOTHER PERSON WERE CONVICTED OF KIDNAPPING, ASSAULT, AND SEXUAL ASSAULT AFTER THE FORCED A PROSTITUTE TO PERFORM FELLATIO AND SEXUAL INT--ERCOURSE, AND CHOKING HER, BEAT HER, AND SHOT HER WHEN SHE TRIED TO FLEE. THE INMATE SOUGHT POST-CONVICTION RELIEF IN AN ALASKA COURT, CLAIMING THAT HE RECEIVED INEFFECTIVE-ASSISTANCE-OF-COUNSEL BECAUSE HIS COUNSEL DID NOT SEEK RESTRICTION--FRAGMENT-LENGTH-POLYMORPHISM DNA TESTING ON SPERM FOUND IN A CONDUM AT THE SCENE

CHARLES B. HENRY 39051
GOOSE CREEK CORRECTIONAL CENTER
22301 W. ALSOP ROAD
WASILLA, ALASKA -99623-

OF THE CRIME; HOWEVER, THE STATE DENIED RELIEF. AFTER THE STATE COURT DENIED RELIEF, THE INMATE FILED AN ACTION IN FEDERAL DISTRICT COURT, SEEKING AN OR--DER REQUIRING AN ALASKA DISTRICT ATTORNEY"S OFFICE TO GIVE HIM ACCESS TO EVIDENCE THAT WAS INTRODUCED AT HIS TRIAL SO HE COULD HAVE DNA TESTS CONDUCTED AT HIS OWN EXPENSE. THE UNITED STATES SUPREME COURT HELD THAT THE COURT OF AP--PEALS ERRED WHEN IT FOUND THAT THE INMATE HAD A RIGHT UNDER THE DUE PROCESS CLAUS OF THE FOURTEENTH AMENDMENT TO HAVE ACCESS TO DNA EVIDENCE POSTCONVICTION WAS BEST LEFT TO CONGRESS AND STATE LEGISLATURES, AND THERE WAS NOTHING ADEQU--ATE ABOUT THE PROCEEDURES ALASKA PROVIDED TO INMATES. THE SUPREME COURT RE--VERSED THE COURT OF APPEALS JUDGMENT AND REMANDED THE CASE FOR FURTHER PRO--CEEDINGS. 5-4 DECISION;CONCURRING OPINION: 2 DISSENDTS.

THE FEDERAL CIVIL RIGHTS STATUTE, 42 U.S.C.S 1983, GIVES A CAUSE OF ACTION TO THOSE WHO CHALLENGE A STATE"S DEPREVATION OF ANY RIGHTS SECURED BY THE UNITED STATES CONSTITUTION. 28 U.S.C.S. § 2254 ALLOWS A PRISONER TO SEEK A WRIT OF HABEAS CORPUS ON THE GROUND THAT HE IS IN COSTODY IN VIOLATION OF THE CONSTI--TUTION.

THE UNITED STATES SUPREME COURT HAS RECOGNIZED THAT § 1983 MUST BE READ IN HARMONY WITH THE HABEAS STATUTE.

FEDERAL COURTS MAY UPSET A STATE"S POST-CONVICTION-RELIEF PROCEEDURES ONLY IF THEY ARE <u>FUNDAMENTALLY</u> INADEQUATE TO VINDICATE THE SUBSTANTIVE RIGHTS PROVIDED.

THE NINTH CIRCUIT ERRED IN FINDING A DUE PROCESS VIOLATION. WHILE OSBORNE DOES HAVE A LIBERTY INTEREST IN PURSUING THE POST CONVICTION RELIEF GRANTED BY THE STATE, THE NINTH ERRED IN EXTENDING THE BRADY RIGHT OF PRE-TRIAL DIS--CLOSURE TO THE POST CONVICTION CONTEXT. OSBORNE HAS ALREADY BEEN FOUND GUILTY AND THEREFORE HAS ONLY LIMITED LIBERTY INTEREST IN POST CONVICTION RELIEF. SEE,E.G., HERRERA VS. COLLINS, 506 U.S.390, 399, 113 S.CT. 853, 122 L.ED. 2d 203. INSTEAD OF THE BRADY INQUIRY, THE QUESTION IS WHETHER CONSIDERATION OF OSBORNE'S CLAIM WITHIN THE FRAMEWORK OF THE STATE'S

OF OSBORNE"S CLAIM WITHIN THE FRAMEWORK OF THE STATE"S POST CONVICTION RELIEF PROCEEDINGS "OFFEND SOME [FUNDAMENTAL] PRINCIPAL OF JUSTICE" OR TRANSGRESSES ANY RECOGNIZED PRINCIPAL OF FUNDAMENTAL FAIRNESS IN OPERATION. MEDINA VS. CALIFORNIA 505 U.S. 437, 446, 448, 112 S.CT. 2572, 120 L.ED. 2d 353.

FEDERAL COURTS MAY UPSET A STATE"S POST-CONVICTION-RELIEF PROCEEDING ONLY IF THEY ARE FUNDAMENTALLY INADEQUATE TO VINDICATE THE SUBSTANTIVE RIGHTS PROVIDED. THERE IS NOTHING INADEQUATE ABOUT ALASKA"S POST-CONVICTION-RELIEF PROCEEDURES IN GENERAL OR ITS METHODS FOR APPLYING THOSE PROCEEDURES TO PERSONS SEEKING ACCESS TO EVIDENCE FOR DNA TESTING. THE STATE PROVIDES A SUBSTANTIVE RIGHT TO BE RELEASED ON A SUFFICIENTLY COMPELLING SHOWING OF NEW EVIDENCE THAT ESTABLISHES INNOCENCE. IT ALSO PROVIDES FOR DISCOVERY IN POST-CONVICTION PROCEEDINGS, AND HAS THROUGH JUDICIAL DECISION---SPECIFIED THAT SUCH DISCOVERY IS AVAILABLE TO THOSE SEEKING ACCESS TO EVIDENCE FOR DNA TESTING. THESE PROCEEDURES ARE SIMILAR TO THOSE PROVIDED BY FEDERAL LAW AND THE LAWS OF OTHER STATES, AND THEY SATISFY DUE PROCESS. THE SAME IS TRUE FOR OSBORNE"S RELIANCE ON A CLAIMED FEDERAL RIGHT TO BE RELEASED UPON PROOF OF "ACTUAL INNOCENCES" EVEN ASSUMING SUCH A RIGHT EXIST, WHICH THE COURT HAS NOT DECIDED AND DOES NOT DECIDE, THERE IS NO DUE PROCESS PROBLEM, GIVEN THE PROCEEDURES AVAILABLE TO ACCESS EVIDENCE FOR DNA TESTING.

THE COURT REJECTS OSBORNE"S INVITATION TO RECOGNIZE A FREE STANDING, SUB--STANTIVE DUE PROCESS RIGHT TO DNA EVIDENCE UNTETHERED FROM THE LIBERTY INTEREST HE HOPES TO VINDICATE WITH IT. IN THE CIRCUMSTANCES OF THIS CASE, THERE IS NO SUCH RIGHT. GERNERALLY, THE COURT IS RELUCTANT TO EXPAND THE CONCEPT OF SUBSTANTIVE DUE PROCESS BECAUSE GUIDEPOST FOR RESPONSIBLE DECISIONMAKING IN THIS UNCHARTED AREA ARE SCARCE AND OPEN-ENDED. COLLINS VS. HARKER HEIGHTS, 503 u.s. 115, 125, 112 S.CT. 1061, 117 L.ED. 2d 261. THERE IS NO LONG HISTORY OF A RIGHT OF ACCESS TO STATE DNA TESTING THAT MIGHT PROVE INNOCENCE. THE MERE NOVELTY OF SUCH A CLAIM IS REASON ENOUGH TO DOUBT THAT "SUBSTANTIVE DUE PROCESS" SUSTAINS IT.

CHARLES B. HENRY 39051
GOOSE CREEK CORRECTIONAL CENTER
22301 W. ALSOP ROAD
WASILLA, ALASKA -99623-

CHARLES B. HENRY 39051
GOOSE CREEK CORRECTIONAL CENTER
22301 W. ALSOP ROAD
WASILLA, ALASKA -99623-

RENO VS. FLORES 507 U.S. 292,303,113 S.CT. 1439,123 L.ED. 2d 1. MOREOVER, TO SUDDENLY CONSTITUTIONALIZE THIS AREA WOULD SHORT-CIRCUIT WHAT HAS BEEN A PROMPT AND CONSIDERED LEGISLATIVE RESPONSE BY CONGRESS AND THE STATES. IT WOULD SHIFT TO THE FEDERAL JUDICIARY RESPONSIBILITY FOR DEVISING RULES GOVERNING DNA ACCESS AND CREATING A NEW CONSTITUTIONAL CODE OF PROCEEDURES TO ANSWER THE MYRIAD QUESTIONS THAT WOULD ARRISE. THERE IS NO REASON TO SUPPOSE THAT FEDERAL COURTS ANSWERS TO THOSE QUESTIONS WILL BE ANY BETTER THAN THOSE OF STATE COURTS AND LEGISLATURES, AND GOOD REASON TO SUSPECT THE OPPOSITE. SEE,E.G., COLLINS SUPRA, AT 125,112 S.CT. 1061,117 L.ED. 2d 261. 521 F.3d 1118, REVERSED AND REMANDED. COUINSEL: KENNETH M. ROSENSTEIN ARGUED THE CAUSE FOR PETITIONER. NEAL K. KATYAL ARGUED THE CAUSE FOR THE UNITED STATES, AS AMICAS CURIAE, BY SPECIAL LEAVE OF COURT. PETER NEUFELD ARGED THE CAUSE FOR RESPONDANT. JUDGES: ROBERTS, C.J., DELIVERED THE OPINION OF THE COURT,IN WHICH SCALIA, KENNEDDY, THOMAS, AND ALITO, JJ., JOINED.ALITO,J.,FILED A CONCURRING OPINION, IN WHICH KENNEDY,J. JOINED, AND IN WHICH THOMAS,J., JOINED AS TO PART II, POST, P.--.STEVENS, J., FILED A DESSENDINGOPINION, IN WHICH GINSBURG AND BREYER,JJ.,JOINED, AND IN WHICH SOUTER, J., JOINED AS PART I, POST. P___.SOUTER, J., FILED A DESSENDINGOPINION,POST P. --OPINION BY ROBERTS. CHIEF JUSTICE ROBERTS DELIVERED THE OPINION OF THE COURT. DNA TESTING HAS BEEN AN UNPARRALLELED ABILITY BOTH TO EXONERATE THE WRONGLY CONVICTED AND TO IDENTIFY THE GUILTY. IT HAS THE POTENTIAL TO SIGNIFICANTLY IMPROVE BOTH THE CRIMINAL JUSTICE SYSTEM AND POLICE INVESTIGATIVE PRACTICES. THE FEDERAL GOVERNMENT AND THE STATES HAVE RECOGNIZED THIS, AND HAVE DEVELOPED SPECIAL APPROACHES TO ENSURE THAT THIS EVIDENTIARY TOOL CAN BE EFFECTIVELY INCORPOATED INTO ESTABLISHED CRIMINAL PROCEEDURE---USUALLY BUT NOT ALWAYS THOUGH LEGISLATION. AGAINST THIS PROMPT AND CONCIDERED RESPONSE, THE RESPONDANT , WILLIAM OSBORNE, PURPOSED A DIFFENT APPROACH: THE RECOGNITION OF A FREE STANDING AND FAR REACHING CONSTITUTIONAL RIGHT OF ACCESS TO THIS NEW TYPE OF EVIDENCE.

THE NATURE OF WHAT HE SEEKS IS CONFIRMED BY HIS DECISION TO FILE THIS LAWSUIT IN FERDERAL COURT UNDER 42 U.S.C.S § 1983, NOT WITH THE STATE CRIMINAL JUSTICE SYSTEM. THIS APPROACH WOULD TAKE THE DEVELOPMENT OF RULES AND PROCEEDURES IN THE AREA OUT OF THE HANDS OF LEGISLATURES AND STATE COURTS SHAPING POLICY IN A FOCUSED MANNER AND TO TURN IT OVER TO FEDERAL COURTS APPLYING THE BROAD PARIMITERS OF THE DUE PROCESS CLAUS. THERE IS NO REASON TO CONSTITUTIONALIZE THE ISSUE IN THIS WAY. BECAUSE THE DESISION BELOW WOULD DO JUST THAT, WE REVERSE.

THAT TASK BELONGS PRIMARILY TO THE LEGISLATURE,[T]HE STATES ARE CURRENTLY ENGAGING IN SERIOUS, THOUGHTFUL EXAMINATIONS." WASHINGTON VS. GLUCKSBURG,521 u.s. 702,719,117 S.CT. 2302, 138 L.ED. 2d 772(1997), OF HOW TO ENSURE THE FAIR AND EFFECTIVE USE OF THIS TESTING WITHIN THE EXISTING CRIMINAL JUSTICE FRAMEWORK. FOURTY SIX STATES HAVE ALREADY ENACTED STATUTES DEALING SPECIFICALLY WITH ACCESS TO DNA EVIDENCE. SEE GENERALLY BREIF FOR STATE OF CALIFORNIA ET AL. AS AMICI CURIAE 3-13; GARRETT, CLAIMING INNOCENCE, 92 MINN. L. REV. 1629, 1719 (2008) (SURVEYING STATE STATUTES); SEE ALSO AN ACT TO IMPROVE THE PRESERVATION AND ACCESSIBILITY OF BIOLOGICAL EVIDENCE, MISSISSIPPI S. 2709 (ENACTED MARCH 16,2009) ;ACT TO PROVIDE FOR DNA TESTING FOR CERTAIN INMATES FOR THE PURPOSES OF DETER--MINING WHETHER"THEY MAY HAVE BEEN WRONGFULLY CONVICTED", SOUTH DAKOTA H.R. 1166 (ENACTED MARCH 11, 2009) THE STATE OF ALASKA ITSELF IS CONSIDERING JOINING THEM. SEE AND ACT RELATING TO POST-CONVICTION DNA TESTING, H 174,26th LEG., 1ST SESS.(2009)(PROPOSED LEGISLATION SIMILAR TO THAT ENACTED BY THE STATES.) THE FEDERAL GOVERNMWENT HAS ALSO PASSED THE INNOCENCE PROJECT ACT OF 2004, § 411,118 STAT. 2278, CODEFIED IN PART AT 18 U.S.C. §3600 WHICH ALLOWS FEDERAL PRISONERS TO MOVE FOR COURT ORDERED DNA TESTING UNDER CERTAIN SPECIFIED CONDITIONS. THE ACT ALSO GRANTED MONEY TO STATES THAT ENACT COMPARABLE STATUTES, § 413,118, STAT. 2285, NOTE FOLLOWING 42 U.S.C. § 14136, AND AS A CONSEQUENCE HAS SERVED AS A MODEL FOR SOME STATE LEGISLATION.

CHARLES B. HENRY 39051
GOOSE CREEK CORRECTIONAL CENTER
22301 W. ALSOP ROAD
WASILLA, ALASKA -99623-

AT ORAL ARGUEMENT,OSBORNE AGREED TO THE FEDERAL STATUTE IS SERVED AS A MODEL FOR HOW STATES OUGHT TO HANDLE THE ISSUE. TR. OF ORAL ARG. 33,38-39;SEE ALSO BRIEF FOR UNITED STATES AS AMICUS CURIAE 19-26 ( DEFENDING CONSTITUTIONALITY OF INNOCENCT PROTECTION ACT.)

FIRST,ACCESS TO EVIDENCE IS AVAILABLE UNDER ALASKA LAW FOR THOSE WHO SEEK TO SUBJECT IT TO NEWLY AVAILABLE DNA TESTING THAT WILL PROVE THEM TO BE ACTUALLY INNOCENT. UNDER THE STATE"S GENERAL POST-CONVICTION RELIEF STATUTE, A PRISONER MAY CHALLENGE HIS CONVICTION WHEN "THERE EXISTS EVIDENCE OF MATERIAL FACTS, NOT PREVIOUSLY PRESENTED AND HEARD BY THE COURT, THAT REQUIRES VACATION OF THE CONVICTION OR SENTENCE IN THE INTEREST OF JUSTICE."ALASKA STAT. § 12.72.010 (4) (2008).SUCH A CLAIM IS EXEMPT FROM OTHERWISE APPLICABLE TIME LIMITS IF "NEWLY DISCOVERED EVIDENCE" PURSUED WITH DUE DELIGENCE", ESTABLISHES BY CLEAR AND CON--VINCING EVIDENCE THAT THE APPLICANT IS INNOCENT. § 12.72.020(b)(2).

BOTH PARTIES AGREE THAT UNDER THESE PROVISIONS OF § 12.72,"A DEFENDANT IS ENTITLED TO POST-CONVICTION-RELIEF IF THE DEFENDANT PRESENTS NEWLY DISCOVERED EVIDENCE THAT THE DEFENDANT IS INNOCENT. SEE PATTERSON, SUPRA,2006 ALAS.APP. LEXIS 43,[WL] AT *4 ("IF PATTERSON HAD BOUGHT THE DNA ANALYSIS REQUEST AS PART OF HIS PREVIOUS APPLICATION FOR [POST-CONVICTION] RELIEF...HE WOULD HAVE BEEN ABLE TO REQUEST PRODUCTION OF EVIDENCE.)

IN ADDITION TO THIS STATUTORY PROCEEDURE THE ALASKA COURT OF APPEALS HAS INVOKED A WIDELY ACCEPTED THREE-PART TEST TO GOVERN ADDITIONAL RIGHTS TO DNA ACCESS UNDER THE STATE CONSTITUTION. OSBORNE II,163 P3d, AT 974-975.

AT ORAL ARGUMENT, OSBORNE AGREED THAT THE FEDERAL STATUTE IS A MODEL FOR HOW STATES HANDLE THE ISSUE. TR. OF ORAL ARG. 33,38-39;SEE ALSO BRIEF FOR UNITED STATES AS AMICUS CURIAE 19-26 (DEFENDING CONSTITUTIONALITY OF INNOCENCE PROTECTION ACT.)

THESE LAWS RECOGNIZE THE VALUE OF DNA EVIDENCE BUT ALSO THE NEED FOR CERTAIN CONDITIONS ON ACCESS TO THE STATE"S EVIDENCE. A REQUIREMENT OF DEM--ONSTATING MATERIALITY IS COMMON,E.G., 18 U.S.C. § 3600 (a)(8),

CHARLES B. HENRY 39051
GOOSE CREEK CORRECTIONAL CENTER
22301 W. ALSOP ROAD
WASILLA,ALASKA-99623-

BUT IT IS NOT THE ONLY ONE. THE FEDERAL STATUTE, FOR EXAMPLE, REQUIRES A SWORN STATEMENT THAT THE APPLICANT IS INNOCENT. § 3600(a)(1).

THIS REQUIREMENT IS REPLICATED IN SEVERAL STATE STATUTE, E.G.,CAL. PENAL CODE ANN. §§ 1405 (b)(1),(c)(1) (WEST SUPP. 2009): FLA. STAT. §925.11 (2)(a)(3) (2007); N.H. REV. STAT. ANN. § 651-D:2 (I)(b)(WEST 2007); S.C.CODE ANN. § 17-28-40 (SUPP.2008). STATES ALSO IMPOSE A RANGE OF DILIGENCE REQUIREMENTS. SEVERAL REQUIRE THE REQUESTED TESTING TO"HAVE BEEN TECHNOLOGALLY IMPOSSIBLE AT TRIAL". GARRETT, SUPRA AT 1681, AND n. 242. OTHERS DENY TESTING TO THOSE WHO DECLINED TESTING AT TRIAL FOR TACTICAL REASONS. E.G.,UTAH CODE ANN. § 78b-301 (4)(LEXIS 2008). ALASKA IS ONE OF A HANDFUL OF STATES YET TO ENACT LEGISLATION SPECIFICALLY ADDRESSING THE ISSUE OF EVIDENCE REQUESTING FOR DNA TESTING. BUT THAT DOES NOT MEAN THAT SUCH EVIDENCE IS UNAVAILABLE FOR THOSE SEEKING TO PROVE THIER INNOCENCE. INSTEAD, ALASKA COURTS ARE ADDRESSING HOW TO APPLY EXISTING LAWS FOR DISCOVERY AND POST-CONVICTION-RELIEF TO THOSE TECHNOLOGY. SEE OSBORNE I,110 P3d, at 992-993; PATTERSON VS. STATE, NO. A-8814,2006 ALAS.APP. LEXIS 43, 2006 WL 573 797,*4 (ALASKA APP., MARCH 8,2006). THE SAME IS TRUE WITH RESPECT TO OTHER STATES THAT DO NOT HAVE DNA-SPECIFIED STATUTES.E.G.,FAGAN VS. STATE 957.

DRAWING ON THE EXPERIANCE WITH DNA EVIDENCE OF STATE SUPREME COURTS AROUND THE COUNTRY, THE COURT OF APPEALS EXPLAINED THAT IT WAS "RELUCTANT TO HOLD THAT ALASKA LAW OFFERS NO REMEDY TO DEFENDANTS WHO COULD PROVE THIER FACTUAL INNOCENCE. OSBORNE I,110 P3d, at 995;[**2318] SEE ID., AT 995,n. 27 (CITING DECISIONS FROM OTHER STATES)"IT WAS PREPARED TO HOLD, HOWEVER, THAT A DEFENDANT WHO " "PREPARED TO HOLD, HOWEVER,THAT A DEFENDANT WHO SEEKS POST-CONVICTION DNA TESTING... MUST SHOW (1) THAT THE CONVICTION REST PRIMARILY ON EYE WITNESS IDENTIFICATION EVIDENCE,(2) THAT THERE WAS A DEMONSTRATIVE DOUBT CONCERNING THE DEFENDANTS IDENTIFICATION AS THE PERPATRATOR, AND (3) THAT SCIENTIFIC TEST--ING WOULD LIKELY BE CONCLUSIVE ON THIS ISSUE.", ID., AT 95. THUS ALASKA COURTS

CHARLES B. HENRY 39051
GOOSE CREEK CORRECTIONAL CENTER
22301 W. ALSOP ROAD
WASILLA,ALASKA -99623-

HAVE SUGGESTED THAT EVEN THOSE WHO DO NOT GET DISCOVERY UNDER THE STATES CRIMINAL RULES HAVE AVAILABLE TO THEM A SAFETY VALVE UNDER THE STATE CONSTITUTION. THIS IS THE BACKGROUND AGAINST WHICH THE FEDERAL COURT OR APPEALS ORDERED THE STATE TO TURN OVER THE DNA EVIDENCE IN ITS POSSESSION, AND IT IS OUR STARTING POINT IN ANYLIZING OSBORNE"S CONSTITUTIONAL CLAIMS. THE PARTIES DISPUTE WHETHER OSBORNE HAS INVOKED SUED UNDER HN2¶[2] THE FEDERAL CIVIL RIGHTS STATUTE, 42 U.S.C.S. § 1983, WHICH GIVES CAUSE OF ACTION TO THOSE WHO CHALLENGE A STATE"S" DEPIVATION OF ANY RIGHTS...SECURED BY THE CONSTITUTION". THE STATE INSIST THAT OSBORNE CLAIM MUST BE BOUGHT UNDER 28U.S.C.S. § 2254, WHICH ALLOWS THE PRISONER TO SEEK" A WRIT OF HABEAS CORPUS...ON THE GROUND THAT HE IS IN COSTODY IN VIOLATION OF THE CONSTITUTION.

D.A."S OFFICE VS. OSBORNE, 577 U.S. 52 SUPREME COURT OF THE UNITED STATES, MARCH 2, 2009, ARGUED: JUNE 18, 2009, DECIDED-NO. 08-6 REPORTER 557 U.S. 52* 129 S.CT. 2308**174 L.ED. 2d 38***2009 u.s. LEXIS 4536****77 U.S.L.W. 4498 21 FLA. WEEKLY FED. S. 945. DISTRICT ATTORNEY"S OFFICE VS. WILLIAM G. OSBORNE.

THE REASON FOR MY [CHARLES B. HENRY, COMPLAINANT] USING THIS CASE IS BECAUSE ALL DEFENDANTS HAVE A RIGHT TO BE PROPERLY REPRESENTED IN STATE COURT"S CONCERNING DNA EVIDENCE. MY COURT APPOINTED ATTORNEY DID NOT USE THE DNA EVIDENCE PROPERLY IN MY CASE. WITH THE DNA EVIDENCE AND THE RECANTATION OF THE ALLEGED VICTIM IN MY CASE IF PROPERLY ARGUED WITH THE COURTS COULD HAVE EXONERATED ME. INEFFECTIVE ASSISTANCE OF COUNSEL IS VERY STRONG ON MY CASE [CHARLES B. HENRY], THE DNA TEST RESULTS IN MY CASE WERE GIVEN TO ME BY COUNSEL PRIOR TO TRIAL, AND THEN SHE WAS GRANTED JUDICIALSHIP WITH THE FAIRBANKS COURT SYSTEM. I WAS THEN APPOINTED NEW COUNSEL WHO DID NOTHING FOR ME. I, CHARLES B. HENRY TRIED NUMEROUS TIMES TO HAVE MY BROTHER TESTIFY THAT THE ALLEGED VICTIM WAS DOWNSTAIRS WITH US LISTENING TO MY BROTHER PLAY HIS GUITAR. I FILED A POST CONVICTION RELIEF ON MY BEHALF WHEN MY COURT APPOINTED ATTORNEY HAD ARGUED A 28 YEAR OLD CASE INSTEAD OF THE CASE THAT I AM ARGUING NOW. ALL DOCUMENTS

CHARLES B. HENRY 39051
GOOSE CREEK CORRECTIONAL CENTER
22301 W. ALSOP ROAD
WASILLA, ALASKA -99623-

THAT I FILED WITH THE STATE COURTS HAVE BEEN TAKEN AWAY FROM ME. INCLUDING A FEDERAL HABEAS CORPUS FILED WITH THIS COURT., CASE # 4:15-cv-00025-SLG, FILED ON 11-30-15., IN WHICH DNA TEST RESULTS STATED THAT " NO CONCLUSION CAN BE MADE DUE TO INSUFFICIENT DNA " [COPY ENCLOSED]. THESE DOCUMENTS WERE NOT ARGUED PROPERLY BY THE COURTS OF ALASKA. NO SPERMATOZA OR SEMEN WAS FOUND WITHIN THE ALLEGED VICTIM"S PRIVATE PARTS. ALTHOUGH SPERMATOZA WAS FOUND ON HER JEANS, IT DOES NOT SHOW THAT A CRIME WAS COMMITTED WHEN INFACT THE ALLEGED VICTIM TESTIFIED THAT SHE WANTED TO STAY IN BED BECAUSE SHE WAS TIRED. HER AND HER BOYFRIEND SLEPT IN MY BEDROOM AT THAT TIME. WHEN IN FACT MY BROTHER AND HIS FAMILY COULD TESTIFY THAT THE ALLEGED VICTIM WAS DOWNSTAIRS WITH US.

PLAINTIFF CHARLES B. HENRY WAS SENTENCED BY THE HONORABLE PAUL LYLE, TRIAL JUDGE IN THIS MATTER., JUDGE LYLE STATED DURING SENTENCING THAT THE ALLEGED VICTIM L.P. HAD RECANTED HER STORY. PLAINTIFF"S ATTORNEY DID NOT ARGUE THAT HER RECANTED TESTIMONY WAS GROUNDS FOR A NEW TRIAL., UNDER NEWLY DISCOVERED EVIDENCE. THE STATE PROSECUTOR"S DID NOT ARGUE THIS MATTER. ALSO DURING SENTENCING JUDGE PAUL LYLE ASK THAT THE JURY COULD DROP THIS CASE TO A FOURTH DEGREE ASSAULT, A LESSER INCLUDED OFFENSE. THE JURY THEN DELIBERATED, MINUTES BEFORE DELIBERATION. THE JURY VERDICT WAS GUILTY ON COUNT ONE [SEXUAL ASSAULT IN THE FIRST DEGREE] AS TO THE FOURTH DEGREE ASSAULT THE JURY FOUND ME GUILTY OF THE ADDED FOURTH DEGREE MINUTES BEFORE JURY DELIBERATION. JUDGE LYLE HAD CITED UNITED STATES VS. JONES, STATING THAT THE JURY COULD NOT CHARGE ME WITH FOURTH DEGREE ASSAULT IN VIOLATION OF MY DUE PROCESS CLAUS TO THE CONSTITUTION.

DURING SENTENCING MONTHS LATER PLAINTIFF TOLD JUDGE LYLE THAT THE FOURTH DEGREE ASSAULT CHARGE ADDED WAS IN VIOLATION OF MY

CHARLES B. HENRY 39051
GOOSE CREEK CORRECTION CENTER
22301 W. ALSOP ROAD
WASILLA, ALASKA -99623-

CHARLES B. HENRY 39051
GOOSE CREEK CORRECTIONAL CENTER
22301 W. ALSOP ROAD
WASILLA, ALASKA -99623-

CONSTITUTIONAL RIGHT TO DUE PROCESS. COMPLAINANT CHARLES B. HENRY WAS THEN GIVEN THE OPPORTUNITY TO FILE A POST CONVICTION RELIEF. AN ATTORNEY FROM BOSTON, MASSACHUSETTS WAS APPOINTED COUNSEL FOR THE COMPLAINANT. THE COUNSELOR HAD FILED A PETITION FOR A CASE THAT WAS 28 YEARS OLD, AND HAD FILED IT WITH THE COURTS (ALASKA) IN THE ANCHORAGE DISTRICT. , WHEN INFACT THIS CASE IS A FAIRBANKS, ALASKA CASE AND THAT THE LAWYER FILED IN A DIFFERENT JURISDICTION., AND THAT HE HAD ARGUED AT 1990 CASE WHEN IN FACT THE STATUTE OF LIMITATION FOR THAT CASE WAS WELL PAST ITS STAGE. I HAD FILED A INEFFECTIVE ASSISTANCE OF COUNSEL WITH THE COURTS IN FAIRBANKS, ALASKA IN WHICH THIS CASE IS ORIGINATED AT.

FURTHERMORE CHARLES B. HENRY HAD TRIED NUMEROUS TIMES AT TRIAL THAT THE PERSON D.R. WAS NOT THE PERSON WHO WAS NOT AT MY HOUSE. ALTHOUGH D.R. TESTIFIED THAT THE ALLEGED VICTIM WAS JUST BEING JEAL--OUS, I HAVE NEVER SEEN HER BEFORE IN MY LIFE. THE PERSON D.M. WAS AT MY HOUSE, NOT D.R., THEY BOTH HAVE THE FIRST SAME NAME. PRIOR TO TRIAL I WAS APPOINTED A PUBLIC DEFENDER SUSAN CARNEY WHO GAVE ME THE DNA TEST RESULTS PRIOR TO HER JUDGESHIP. I HAD TOLD HER ABOUT D.M. ABOUT HER BEING AT MY HOUSE AND THAT SHE COULD BE FOUND NEAR THE PARK THAT CLOSE TO THE COURTHOUSE. MS. CARNEY HAD TALKED WITH D.M. AND D.M. TOLD HER THAT SHE DID NOT WANT TO TESTIFY BECAUSE OF THE PUBLIC--ITY, AND THAT IT WAS TO EMBARRASSING FOR HER.

DURING THE STATE TROOPER"S INTEROGATION OF ME AT MY RESIDENCE MY BROTHER BENJAMIN ELI HENRY SR. COULD BE HEARD IN THE TAPE INTER--VIEW. I HAD ASKED HIM WHAT WAS GOING ON, I WAS NOT TOLD WHY I WAS BEING QUESTIONED BY TROOPER CHING WHO LATER GOT LAID OFF BECAUSE OF BEING UNTRUTHFUL. JUDGE LYLE TOLD TR. CHING TO BE TRUTHFUL. MY BROTHER IS A WITNESS TO THESE FALSE CHARGES, I AM INNOCENT OF

CHARLES B. HENRY 39051
GOOSE CREEK CORRECTIONAL CENTER
22301 W. ALSOP ROAD
WASILLA, ALASKA -99623-

THESE FALSE CHARGES AND THE DNA RESULTS PLUS THE RECANTED STATE--MENTS MADE BY THE ALLEGED VICTIM L.P., AS STATED BY JUDGE LYLE SHOW THAT NO CRIME WAS COMMITED IN THE FIRST PLACE. THE ALLEGED VICTIM WAS FOUND GUILTY OF LYING IN COURT WHE SHE FALSLY ACCUSED ANOTHER PERSON OF SEXUAL ASSAULT. THIS PERSON WAS WILLING TO TEST--SIFY AT MY TRIAL, BUT MY LAWYER WOULD NOT ALLOW IT. MY RIGHT TO DUE PROCESS AND THE EFFECTIVE ASSISTANCE OF COUNSEL WERE VIOLATED BY THE STATE COURTS.

I AM ASKING FOR FIVE (5) MILLION DOLLARS FOR THE VIOLATION OF MY DUE PROCESS RIGHTS. ALSO THE FOURTH DEGREE WHICH WAS ADDED PRIOR TO JURY DELIBERATION WHICH WAS ADDED TO THE CASE VIOLATED MY RIGHTS TO DUE PROCESS OF LAW. I WAS FOUND GUILTY OF THE ADDED CHARGE BY THE STATE OF ALASKA., MINUTES BEFORE DELIBERATION. NO COMLAINT, NO COURT HEARING, NO ARRAINMENT, JUST ADDED. I AM SEEKING A 1.5 MILLION DOLLAR SETTLEMENT ON THE ADDED CHARGE.

FURTHERMORE I ASK THAT THIS COURT APPOINT COUNSEL AND ACCEPT THIS 42 U.S.C.S § 1983, I AM INDIGENT AN ENCLOSE A OFFENDER"S TRUST ACCOUNT ON MY INCOME. I ASK THAT THIS COVER THE FILING FEE FOR DOCUMENTS ENCLOSED.

THIS CASE WAS INVESTIGATED SOMETIME IN 2012, NO CHARGES WERE FILED UNTIL 2014, AND ONLY ONE COUNT WAS FILED WITH THE STATE COURT. TRIAL WAS SOMETIME IN 2015 AND SENTENCING WAS 2016 I BELIEVE. AGAIN I SAY THAT THE DEPARTMENT OF CORRECTION HAD TAKEN ALL MY DOCUMENTS CONCERNING THIS CASE.

SIGNED AND DATED THIS 22nd DAY OF OCTOBER, 2018.

*Charles B. Henry*
CHARLES B. HENRY

MY COMMISSION EXPIRES ON _with office_ .

NOTARY PUBLIC